08/09/07 19:25:02   CWS_LI1_CH4->   6464359434   RightFax   Page 013
Case 3:07-cv-04054-MLC-JJH   Document 1-1   Filed 08/23/07   Page 1 of 8 PageID: 1

Aug. 9. 2007 12:08PM                                       No. 0925   P. 6

Attorney(s): Reuel E. Topas, Esq.
Law Firm: REUEL E. TOPAS, LLC
Address: 1072 Madison Avenue
Lakewood, NJ 08701

Telephone No.: (732) 370-9125
Fax No.: (732) 370-9195
E-mail:

Attorney(s) for Plaintiff(s): SHULAMIT BADOUSH

SHULAMIT BADOUSH

Plaintiff(s)

vs.

HOLIDAY INN BOSTON-BROOKLINE, INTERCONTINENTAL HOTELS GROUP PLC, ABC CORPORATION, A FICTITIOUSLY NAMED COMPANY (OWNER-OPERATOR OF PREMISES), DEF CORPORATION, A FICTITIOUSLY NAMED COMPANY (PEST CONTROL COMPANY)

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
OCEAN COUNTY

DOCKET NO. OCN-L-2394-07

CIVIL ACTION

Summons

From the State of New Jersey
To the Defendant(s) Named Above: HOLIDAY INN BOSTON-BROOKLINE

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 25, 2007

THEODORE FETTER
Superior Court Clerk

Name of Defendant To Be Served: HOLIDAY INN BOSTON-BROOKLINE

Address of Defendant to Be Served: 1200 Beacon Street
Brookline, MA 02446

A TRUE COPY ATTEST:
DEPUTY SHERIFF
DATE

Note: Adopted July 12, 1994, effective September 1, 1994; amended June 28, 1996, effective September 1, 1996; address/phone information updated July 1, 1999, effective September 1, 1999; amended July 12, 2002 to be effective September 3, 2002; amended July 27, 2006 to be effective September 1, 2006; address/phone information updated October 10, 2006 to be effective immediately.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 10/10/06 P11/06

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800 222 0510   Page 1

08/09/07 19:25:32 CWS_LI1_CH4-> 6464359434 RightFax Page 014
Case 3:07-cv-04054-MLC -JJH Document 1-1 Filed 08/23/07 Page 2 of 8 PageID: 2

Aug. 9. 2007 12:06PM                                            No. 0926   P. 7

REUEL E. TOPAS, LLC
1072 Madison Avenue
Lakewood, NJ 08701
Telephone: (732) 370-9125
Facsimile: (732) 370-9195
Attorney for Plaintiff, Shulamit Badoush

> RECEIVED & FILED
> JUL 18 2007
> SUPERIOR CT., OCEAN CO.

| | |
|---|---|
| SHULAMIT BADOUSH<br><br>    Plaintiff<br><br>vs.<br><br>HOLIDAY INN BOSTON-BROOKLINE; INTERCONTINENTAL HOTELS GROUP PLC, ABC CORPORATION, A FICTITIOUSLY NAMED COMPANY (OWNER-OPERATOR OF PREMISES), DEF CORPORATION, A FICTITIOUSLY NAMED COMPANY (PEST CONTROL COMPANY)<br>    Defendants | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY – LAW DIVISION<br><br>*CIVIL ACTION*<br><br>DOCKET NO.: OCN L-2394-07<br><br><br><br><br><br><br><br>**COMPLAINT FOR<br>PERSONAL INJURY** |

  Plaintiff, Shulamit Badoush, residing at 112 Clifton Avenue, Apt. 42, Lakewood, New Jersey, by way of complaint against the Defendant, says:

### FIRST COUNT

  1.  Beginning on or about July 16, 2005, Plaintiff was staying at the Holiday Inn of Boston/Brookline, Massachusetts Hotel located at 1200 Beacon Street, Brookline, MA 02446.

2. On said date, and all dates relevant hereto, Defendants Holiday Inn Boston-Brookline (hereafter "Holiday Inn") and/or InterContinental Hotels Group PLC (hereafter "InterContinental") was the owner and in possession and control of a building known as "Holiday Inn Boston-Brookline" located at in the City of Brookline, State of Massachusetts, which building was then occupied and used by Defendants as a hotel.

3. Plaintiff was first checked into Room 209 and then was changed to Room 601.

4. On July 18, 2005 Plaintiff woke up and noticed four to five bites on both of her legs. More specifically, there were four bites on the left lower leg, close to ankle and one bite on the right lower leg underneath the knee.

5. Plaintiff's initial thought was that they were ordinary mosquito bites.

6. After several hours, the area began to swell. Plaintiff went to the pharmacy and was given Benedryl tablets and Hydrocortizone cream to reduce the swelling and relieve the pain.

7. Plaintiff consistently took the pills and applied the cream to the affected area

8. Plaintiff did not experience any relief as the days passed

9. On July 21, 2004 the situation worsened. Plaintiff was in extraordinary pain, she could not walk and could not relieve the pain in any way. The area was still swollen.

10. Plaintiff left school she was attending early and went to the Emergency Room at Mt. Auburn Hospital by cab.

11. At the Emergency Room the attending physician advised Plaintiff that the bites were bed bug bites from the bed at the hotel. The doctor prescribed medication and a topical

treatment and further instructed Plaintiff that she notify the hotel as soon as possible

12. The secretary of the school Plaintiff was attending at the time called the hotel and notified them of the incident. The representative of the hotel was not surprised in any way to hear about said incident. The representative said that the hotel was aware of the situation since it happened in the past.

13. As a result of the complaint to the hotel, the manager of the hotel changed Plaintiff's room. Plaintiff moved from room 601 to 602.

14. On Friday, July 22, 2005, Plaintiff woke up with no change in the situation. Plaintiff went to school but was unable to concentrate on her studies due to the extreme pain and suffering and discomfort.

15. As a direct and proximate result of the defendant's negligent conduct, plaintiff has suffered personal injuries, which have caused her to endure extreme pain and suffering, and to require her to seek medical care and attention.

WHEREFORE, plaintiff demands judgment against the defendant for:

(a) Compensatory damages;

(b) Counsel fees and costs;

(c) Interest; and

(d) Such other relief as the court deems appropriate and just.

## SECOND COUNT

1. Plaintiff hereby repeats and realleges each and every allegation contained in the preceding counts and makes the same a part hereof all as if more fully and particularly set forth at length herein.

2. Defendants Holiday Inn's and/or InterContinental's conduct, detailed in the preceding count, directed toward plaintiff was intentional and/or reckless.

3. Said defendants' conduct was intended to cause emotional distress and/or was in deliberate disregard of the high degree of probability that emotional distress would be caused to the plaintiff.

4. Defendants' conduct was extreme and outrageous.

5. As a direct and proximate result of the defendants' conduct, the plaintiff has suffered severe emotional distress requiring professional healthcare attention.

WHEREFORE, plaintiff demands judgment against the defendant for:

(a) Compensatory damages;

(b) Punitive damages;

(c) Counsel fees and costs;

(d) Interest; and

(e) Such other relief as the court deems appropriate and just.

(e) Such other relief as the court deems appropriate and just.

REUEL E. TOPAS, LLC

Dated: July 17, 2007  By: _____
REUEL E. TOPAS, ESQ.

### CERTIFICATION

I hereby certify that the above matter in controversy is not the subject of any other proceeding in any other Court or of a pending arbitration proceeding and no other such action or proceeding is contemplated. I further certify that the foregoing pleading was filed within the time prescribed by the Rules of Court.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-5, REUEL E. TOPAS is hereby designated as trial counsel for the plaintiff in the above entitled matter.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all the issues set forth in this complaint.

REUEL E. TOPAS, LLC

Dated: July 17, 2007  By: _____
REUEL E. TOPAS, ESQUIRE

Appendix XII-B

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: CK | CG | CA |
| CHG/CK NO. | | |
| AMOUNT: | | |
| OVERPAYMENT: | | |
| BATCH NUMBER: | | |

| 1. ATTORNEY/PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Reuel E. Topas, Esq. | (732) 370-9125 | Ocean |

| 4. FIRM NAME (If applicable) | 5. DOCKET NUMBER (When available) |
|---|---|
| REUEL E. TOPAS, LLC | L-2394-07 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 1072 Madison Avenue<br>Lakewood, NJ 08701 | Complaint |
| | 8. JURY DEMAND ☐ YES ☐ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| SHULAMIT BADOUSH, Plaintiff | SHULAMIT BADOUSH vs. HOLIDAY INN BOSTON-BROOKLINE INTERCONTINENTAL HOTELS GROUP PLC, ABC CORPORATION, A FICTITIOUSLY NAMED COMPANY (OWNER-OPERATOR OF PREMISES), DEF CORPORATION, A FICTITIOUSLY NAMED COMPANY (PEST CONTROL COMPANY) |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 606 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT |

| 13. RELATED CASES PENDING? ☐ YES ☒ NO | 14. IF YES, LIST DOCKET NUMBERS |
|---|---|

| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 17. A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP: | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|---|

| 18. B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ☒ NO |
|---|---|

19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

JUL 18 2007

| 20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|---|
| 21. WILL AN INTERPRETER BE NEEDED? | ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |

22. ATTORNEY SIGNATURE: /s/ Reuel Topas

30 - Civil Case Information Statement (CIS)
Appendix XII-B
Rev 9/06 Effective 9/06 P11/06

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com 800.222.0510 Page 1

Appendix XII-B

**SIDE 2**  **CIVIL CASE INFORMATION STATEMENT**
**(CIS)**
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)_____

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE - PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699 TORT - OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 240 REDUX/PHEN-FEN (formerly "DIET DRUG")
- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 268 MANUFACTURED GAS PLANT (MGP)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:
☐ Verbal Threshold   ☐ Putative Class Action   ☐ Title 59

80- Civil Case Information Statement (CIS)
Appendix XII-B
Rev 9/06 Effective 9/06 P11/06
Powered by HotDocs
Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc
www.aslegal.com 800 222 0510 Page 2