UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHULAMIT BADOUSH, | CIVIL ACTION NO. 07-4054 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| HOLIDAY INN BOSTON-BROOKLINE, et al., | |
| Defendants. | |

**THE COURT** ordering the parties to show cause why the action should not be either (1) remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) assuming there is jurisdiction, transferred to the United States District Court for the District of Massachusetts under Section 1404 (dkt. entry no. 4, Order to Show Cause);[1] and the plaintiff bringing this action against the defendants — Beacon 1200 Associates LP, named incorrectly herein as Holiday Inn Boston-Brookline ("BLP"), and Intercontinental Hotels Group PLC ("IHG") — in state court on July 18, 2007, to recover damages for personal injuries suffered on defendants' premises in Brookline, Massachusetts (dkt. entry no. 1, Rmv. Not. & Compl.); and the defendants (1) removing the action based on jurisdiction under Section 1332 (Rmv. Not., at

---

[1] The Court, at the parties' request, delayed resolving the order to show cause to allow settlement discussions. (See dkt. entry no. 7, Order of Magistrate Judge; dkt. entry nos. 8, 12, & 13, Pl. Correspondence.)

1), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, 28 U.S.C. § 1447(c); and

**THE PARTIES** subsequently stipulating to dismissal of all claims asserted against IHG (dkt. entry no. 9, Stip.); and the remaining defendant, BLP, demonstrating for the purposes of the Court's order to show cause that (1) the plaintiff is a New Jersey citizen, (2) BLP is deemed to be a citizen of Massachusetts and Florida, and (3) there is jurisdiction here under Section 1332 (dkt. entry no. 11, Shafer Cert. & Frank Aff.); and thus the Court intending to vacate the part of the order to show cause concerning jurisdiction; but

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**IT APPEARING** that this action would have been more properly brought in the United States District Court for the District of Massachusetts, where (1) the injuries at issue arose, and the premises at issue are located, i.e., Brookline, Massachusetts, (2) a court will be familiar with the site at issue, (3) most of the witnesses probably live and can be compelled to testify, (4) evidence will be found, (5) controlling Massachusetts law will be

2

easily applied, and (6) citizens will have an interest in the outcome, see Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer under Section 1404 to Virginia even though plaintiff was Pennsylvania citizen, as defendant operated facility at issue and accident occurred in Virginia), Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as defendant from there, accident occurred there, and Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (granting motion to transfer, even though plaintiff was citizen of venue where action brought, and rejecting plaintiff's argument that action should be in home venue as medical treatment ongoing there), Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

**THE REMAINING DEFENDANT**, BLP, supporting a transfer of venue to the District of Massachusetts (see Shafer Cert., at ¶ 7); and the plaintiff not responding to the part of the order to show

cause concerning a transfer of venue; and the Court thus intending to grant the part of the order to show cause concerning venue, and transfer the action to the District of Massachusetts; and for good cause appearing, the Court will issue an appropriate order.

                                             s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge